# In the United States District Court
# For the Southern District of Georgia
# Waycross Division

| | | |
|---|---|---|
| JAMES TERRY MOON, JR., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO.: 5:17-cv-118 |
| SERGEANT HARRIS, et al., | * | |
| Defendants. | * | |

| | | |
|---|---|---|
| JAMES TERRY MOON, JR., | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO.: 5:17-cv-122 |
| MR. HARRIS, et al., | * | |
| Defendants. | * | |

## ORDER

Plaintiff, who is currently housed at Smith State Prison in Glennville, Georgia, filed the two above-captioned causes of action pursuant to 42 U.S.C. § 1983. From a review of Plaintiff's Complaints, it appears he makes virtually identical allegations in both actions. Accordingly, for the reasons and in the manner set forth below, these actions are hereby **CONSOLIDATED**.

## BACKGROUND

Plaintiff filed Case Number 5:17-cv-118, on September 5, 2017. Dkt. No. 1. In that Complaint, Plaintiff alleges that on June 30, 2017, he was robbed by ten fellow inmates who are members of a gang. Id. at p. 4. The inmates robbed Plaintiff of contraband including a cell phone. Id. Plaintiff contends these inmates threatened him with future harm, and he notified Sergeant Harris of the robbery and the threats. Id. at p. 5. Plaintiff maintains that Sergeant Harris then notified Lieutenant Domini of the incident, and that Domini placed Plaintiff in isolation and refused Plaintiff's request for protective custody. Id. at pp. 5-6. He contends that after this incident, other officers and prison administrators have denied his request to be placed in protective custody and that he has remained in disciplinary segregation without a hearing. Id. at pp. 7-8.

Plaintiff filed Case Number 5:17-cv-122, on September 15, 2017. Dkt. No. 1. In that Complaint, Plaintiff reasserts, albeit with less detail, the allegations regarding his attack by gang members, prison officials' refusal to place him in protective custody, and his continued detention in administrative segregation. Id. He requests that the Court order that he be placed in protective custody. Id. at p. 5. As

in Case Number 5:17-cv-118, Plaintiff has moved to proceed *in forma pauperis* in Case Number 5:17-cv-122. Dkt. No. 2.

**DISCUSSION**

A district court has authority to consolidate multiple actions if they "involve a common question of law or fact." Fed. R. Civ. P. 42(a). Consolidation under Rule 42(a) "is permissive and vests a purely discretionary power in the district court." Young v. City of Augusta, 59 F.3d 1160, 1168 (11th Cir. 1995) (internal quotes omitted). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions; the burden on the parties and the Court posed by multiple lawsuits as opposed to one; the length of time required to conclude multiple lawsuits as opposed to one; and the relative expense of proceeding with separate lawsuits if they are not consolidated. Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985). "District courts in this circuit have been urged to make good use of Rule 42(a) . . . in order to expedite the trial and eliminate unnecessary repetition and confusion." Young, 59 F.3d at 1169 (internal quotes omitted). The decision of whether to consolidate "is entirely within the discretion of the district court as it seeks to promote the administration of justice." Gentry v. Smith, 487 F.2d 571, 581 (5th Cir. 1973).

In the cases at hand, Plaintiff sets forth allegations that are related to each other and that involve common questions of law and fact. His two Complaints name the same individuals as Defendants, center on the same facts, and request essentially the same relief. Therefore, consolidation is warranted to prevent inconsistent rulings on common questions of law and fact and to avoid the inefficiency of duplicative litigation.

**CONCLUSION**

For the reasons set forth above, the Court exercises its discretion to consolidate these actions. Accordingly, the Clerk of Court is **DIRECTED** to: file all pleadings docketed in Case Number 5:17-cv-118 upon the docket and record of Case Number 5:17-cv-122; **CONSOLIDATE** Case Numbers 5:17-cv-118 and 5:17-cv-122; and **CLOSE** Case Number 5:17-cv-118. In consolidating the Complaint, the Clerk should consolidate the Defendants listed on the case dockets and only list each Defendant once on the consolidated case docket.[1]

The Court **DISMISSES AS MOOT** the Motion for Leave to Proceed in Forma Pauperis in Case Number 5:17-cv-118. Following consolidation on the record, the United States Magistrate Judge will review the Motion for Leave to Proceed in Forma Pauperis filed in Case Number 5:17-cv-122 and will conduct the requisite

---

[1] For example, the docket in Case Number 5:17-cv-118 lists "Sergeant FNU Harris" as a Defendant and the docket in Case Number 5:17-cv-122 lists "Mr. Harris" as a Defendant. Upon consolidation, Defendant Harris need only be listed once on the docket as an active Defendant.

4

frivolity review of Plaintiff's allegations and assess whether Defendants should be served with the Complaint.

**SO ORDERED**, this 23 day of October, 2017.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA